# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAQUANA LEWIS | CIVIL ACTION NO. |
| VERSUS | |
| FAYZULLO KHAMEDOV, MMM FREIGHT CORP., STATE NATIONAL FIRE INSURANCE COMPANY AND/OR STATE NATIONAL INSURANCE COMPANY | 19-344-SDD-EWD |

## NOTICE AND ORDER

This is a civil action involving claims for damages based upon the injuries allegedly sustained by Shaquana Lewis ("Plaintiff") on May 10, 2018 on Interstate 10 in West Baton Rouge Parish when Plaintiff's car was struck by an 18-wheeler driven by Defendant Fayzullo Khamedov ("Khamedov") while Khamedov was in the course of his employment with Defendant MMM Freight Corp. ("MMM") (the "Accident").[1] Plaintiff alleges that the Accident was caused by the fault and negligence of Khamedov in failing to operate the 18-wheeler in a safe manner, giving rise to vicarious liability on the part of MMM.[2] Plaintiff names defendants State National Fire Insurance Company ("State National Fire") and/or State National Insurance Company ("State National Insurance") as the automobile liability insurer(s) of Khamedov and MMM.[3]

On or about April 29, 2019, Plaintiff filed her Petition for Damages ("Petition") against Khamedov, MMM, State National Fire and State National Insurance in the Eighteenth Judicial District Court for the Parish of West Baton Rouge alleging that Defendants are liable to Plaintiff based on these claims.[4] On May 31, 2019, MMM and State National Insurance (the "Removing

---

[1] R. Doc. 1-1, ¶¶ 3-6, 12, 15.
[2] R. Doc. 1-1, ¶¶ 9, 11-14.
[3] R. Doc. 1-1, ¶¶ 15-16.
[4] R. Doc. 1-1, ¶ 2.

Defendants") removed the matter to this Court asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[5] However, as explained below, the Notice of Removal is deficient in its allegations regarding citizenship and the amount in controversy.

*Citizenship of Plaintiff and Joinder of State National Fire*

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The Notice of Removal alleges that Khamedov is a citizen of Wisconsin, MMM is an Illinois corporation with its principal place of business in Illinois, and State National Insurance is a Delaware corporation with its principal place of business in Texas.[6] With regard to Plaintiff's citizenship, the Notice of Removal states that Plaintiff alleges in the Petition that she is a resident and citizen of Louisiana.[7] This is incorrect. The Notice of Removal merely states that Plaintiff resides in Lafayette Parish, State of Louisiana. Residency is not sufficient to adequately allege the citizenship of an individual.[8] Further, the Petition and the Notice of Removal states that State National Fire is a citizen of Louisiana.[9] Removing Defendants assert that "Defendant State National Fire Insurance Company is a Louisiana corporation with its principal place of business in the State of Louisiana. Removing Defendants respectfully submit that the citizenship of State National Fire Insurance Company should be disregarded as it was improperly joined."[10] Removing Defendants readily acknowledge that the citizenship of State National Fire "may be an impediment to diversity jurisdiction but

---

[5] R. Doc. 1, ¶¶ 5-6.
[6] R. Doc. 1, ¶ 7 (a)-(d). Removing Defendants contend that Khamedov has not yet been served. R. Doc. 1, ¶ 9.
[7] R. Doc. 1, ¶ 5(a).
[8] *See, Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient.").
[9] R. Doc. 1, ¶ 7(g) and R. Doc. 1-1, ¶ 1(c). Removing Defendants contend that State National Fire consented to removal. R. Doc. 1, ¶ 9 and R. Doc. 1-2, p. 1.
[10] R. Doc. 1, ¶ 7(g).

contend that State National Fire was improperly named and joined in the lawsuit because "there is no mention of State National Fire Insurance Company anywhere in the Uniform Motor Vehicle Traffic Crash Report" prepared by the West Baton Rouge Parish Sheriff's Department.[11] According to Removing Defendants, because Plaintiff has no cause of action against State National Fire, it was "improperly named and joined in this matter, and their (sic) citizenship does not destroy diversity because the citizenship of all the remaining Defendants is diverse from Plaintiff."[12] Plaintiff's Petition, in turn, asserts:

> 15.
> Petitioner is informed…that at the time of the subject motor vehicle collision FAYZULLO KHAMEDOV, by virtue of his employer MMM FREIGHT CORP., had a policy of automobile liability insurance with STATE NATIONAL FIRE INSURANCE COMPANY and/or STATE NATIONAL INSURANCE COMPANY, INC. insuring against the negligent acts of FAYZULLO KHAMEDOV, with was in full force and effect at the time of the accident, and which insurance inures to the benefit of Petitioner under the provisions of the Louisiana Direct Action Statute, Louisiana R.S. 22:1269.
>
> 16.
> Petitioner further alleges upon information and belief that under the terms of said policy, STATE NATIONAL FIRE INSURANCE COMPANY and/or STATE NATIONAL INSURANCE COMPANY, INC. obligated itself to pay any and all damages caused to others as a result of the negligence of FAYZULLO KHAMEDOV, who was covered by said policy at the time of said accident.[13]

Defendant will be ordered to substitute the Notice of Removal with a Notice that adequately alleges Plaintiff's citizenship. Further, considering Removing Defendants' position

---

[11] R. Doc. 1, ¶ 10 *citing* R. Doc. 1-3. *See* R. Doc. 1-3, p. 2, which lists "State National Ins." as "Insurance Co. Name."
[12] R. Doc. 1, ¶ 10.
[13] R. Doc. 1-1, ¶¶ 15-16.

that complete diversity exists when the citizenship of State National Fire is not considered, Plaintiff will be ordered to file either a motion to remand addressing the joinder of State National Fire, or an Amended Complaint deleting all claims against State National Fire if Plaintiff agrees State National Fire was improperly joined.

*Deficient Allegations as to the Amount in Controversy*

With respect to the amount in controversy, it is not clear from the Notice of Removal or the Petition whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[14] Plaintiff alleges that the passenger side of her vehicle was "violently impacted" by the 18-wheeler, and her vehicle left the roadway and crashed into the retention cables separating the eastbound and westbound lanes of Interstate 10. The Petition alleges injuries to Plaintiff as follows:

> 8.
> As a result of the aforementioned motor vehicle crash caused by FAYZULLO KHAMEDOV, Petitioner SHAQUANA LEWIS sustained severe and disabling injuries to her neck, back, and body as a whole, and suffered fear, fright, shock, mental anguish, mental distress and any and all other injuries to be shown upon trial of this matter.[15]

In connection with these injuries, Plaintiff seeks past, present, and future "physical pain and suffering," mental pain, anguish, and distress, medical expenses, loss of enjoyment of life, and other damages to be proven at trial, as well as interest and court costs.[16] In the Notice of Removal, Removing Defendants rely solely on the above allegations as support for the assertion that "….based upon Plaintiff's allegations, the amount in controversy exceeds $75,000, exclusive of interest and costs."[17]

---

[14] *See* 28 U.S.C. §1332(a).
[15] R. Doc. 1-1, ¶ 8.
[16] R. Doc. 1-1, ¶ 10 and prayer for relief.
[17] R. Doc. 1, ¶ 8.

The foregoing does not provide enough information to determine if Plaintiff's claims will likely exceed $75,000, exclusive of interest and costs. First, Plaintiff's general allegations in the Petition of "severe and disabling injuries," Plaintiff's "fear, fright, shock, mental anguish, mental distress," and demands for general categories of damages (*e.g.*, past, present, and future "physical pain and suffering," mental pain, anguish, and suffering, medical expenses, and loss of enjoyment of life)[18] are insufficient to establish the amount in controversy. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *Davis v. JK & T Wings, Inc.*, and cases cited therein.[19]

In this case, there is no specific description of any of the actual injuries suffered by Plaintiff, the nature of Plaintiff's medical treatment, the actual amount of medical expenses Plaintiff has incurred thus far, if any, Plaintiff's prognosis and recommended future treatment, or whether Plaintiff is working/can work. Removing Defendants have not offered any specific information regarding whether Plaintiff lost any income or the amounts of any damages to Plaintiff's vehicle.[20] There is also no evidence of any settlement demands, discovery responses, or relevant documents produced in discovery that would have bearing on the amount in controversy.

Finally, while the Petition asserts that Plaintiff's claims "exceed the requisite amount for trial by jury," *i.e.*, $50,000 per La. C.C.P. art. 1732, and Plaintiff requests a jury trial,[21] a demand

---

[18] R. Doc. 1-1, ¶¶ 8, 10.
[19] No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012).
[20] Although Plaintiff did not specifically assert a claim for lost wages, the Crash Report states that the Accident occurred while Plaintiff was on her way to work. Further, the Crash Report also states that Plaintiff's vehicle incurred "very severe" damage, the 18-wheeler incurred "severe" damage, and both vehicles were towed. *See* R. Doc. 1-3, pp. 3, 7-8.
[21] R. Doc. 1, ¶¶ 18-19.

for jury trial is not sufficient on its own to make it facially apparent that Plaintiff's claims will likely exceed $75,000, exclusive of interest and costs.[22] Based on the foregoing and taken as a whole, it is not apparent from either the Notice of Removal or the Petition whether Plaintiff's claims are likely to exceed $75,000, exclusive of interest and costs.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the amount in controversy requirement has been met.[23]

Accordingly,

**IT IS HEREBY ORDERED** that on or before **June 21, 2019**, Removing Defendants shall file (1) a Motion to Substitute the Notice of Removal with a comprehensive amended notice of removal that adequately alleges Plaintiff's citizenship and (2) a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED** that on or before **July 5, 2019**, Plaintiff Shaquana Lewis shall address the citizenship issue by filing either: (1) a motion to remand addressing the citizenship allegations in the amended Notice of Removal, including the alleged improper joinder of State National Fire Insurance Company, or (2) an amended complaint deleting all claims against State National Fire Insurance Company.

---

[22] *Nelson v. Wal-Mart Stores Inc.,* No. 09-0302, 2009 WL 1098905, at *6 (W.D. La. Apr. 22, 2009), *appeal denied, judgment aff'd sub nom. Nelson v. Wal-Mart Louisiana LLC*, No. 09-302, 2009 WL 3753539 (W.D. La. Nov. 9, 2009) (*citing Brown v. Buerger,* No. 05-1461, 2005 WL 2487949, *2 (W.D. La. Oct. 7, 2005) (noting that plaintiff's request for damages above $50,000 served only to support his request for a jury trial and was not sufficient to show that his claims exceeded $75,000); *Evans v. Wal–Mart Stores, Inc.,* No. 04-1378, 2004 WL 1488599 (E.D. La. June 30, 2004), at *2, n. 3 (rejecting plaintiff's claim that the fact that the state trial court judge granted defendant's request for a jury trial should have indicated that the case was removable based on the fact that the minimum quantity of damages for jury trials is significantly lower than the amount in controversy requirement); *Jacob v. Greyhound Lines, Inc.,* No. 02-2199, 2002 WL 31375612, *3 (E.D. La. Oct. 21, 2002) (a jury demand in state court is relevant, but it does not control the analysis); *Alkazin v. City of Baton Rouge,* No. 97-0738 (La. App. 1 Cir. 11/7/97), 705 So.2d 208, 212 (right to a jury trial is waived if not timely requested)).

[23] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

**IT IS FURTHER ORDERED** that on or before **July 5, 2019**, Plaintiff Shaquana Lewis shall address the amount in controversy issue by filing either: (1) a Notice stating that Plaintiff does not dispute that Removing Defendants have established the jurisdictional requirements of 28 U.S.C. § 1332; or (2) a motion to remand.[24]

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on June 7, 2019.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[24] Only one motion to remand needs to be filed by Plaintiff addressing either or both issues, as appropriate.